# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN BUILDERS INSURANCE COMPANY, | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) CIVIL ACTION 26-0196-WS-MU ) |
| K&D CONSTRUCTION SERVICES, LLC, et al., | ) ) |
| **Defendants.** | ) |

## ORDER

On June 25, 2026,[1] the individual defendants ("the Gennas") filed an answer and counterclaim.  (Doc. 10).  On July 14, invoking Rule 15(a)(1)(B), the Gennas filed a first amended counterclaim.  (Doc. 19).  Because the plaintiff moved to dismiss the counterclaim on July 13, Rule 15 permits the Gennas to amend their pleading as a matter of course.

A counterclaim, however, is not a pleading.  The only permissible pleadings are specifically listed in Fed. R. Civ. P. 7(a), and a counterclaim is not mentioned.  Instead, a counterclaim is simply a type of material that must be included *in* a pleading, *id*. Rule 13, *viz*., an answer. *Id*. Rule 7(a)(2).  The only permissible way to amend a counterclaim is by filing an amended pleading (*i.e*., answer) that includes the amended counterclaim.

Moreover, this Court "does not recognize partial pleadings." *Caldwell v. Kimberly-Clark USA, LLC*, 783 F. Supp. 3d 1367, 1397 n.28 (S.D. Ala. 2024) (internal quotes omitted); *accord* Civil Local Rule 15(a) ("Any amendment to a pleading ... must reproduce the entire pleading as amended and may not incorporate any prior pleading by

---

[1] All dates herein are 2026.

reference.").  Because the pleading is the answer plus counterclaim, the amended counterclaim alone is at best a partial pleading.

For the reasons set forth above, the amended counterclaim is **stricken**, without prejudice to the Gennas' ability to timely file and serve an entire amended pleading consisting of their original answer and their first amended counterclaim.

DONE and ORDERED this 16th day of July, 2026.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

2