**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**AMERICAN BUILDERS INSURANCE COMPANY,**

**Plaintiff,**

**v.** **CIVIL ACTION 26-0196-WS-MU**

**K&D CONSTRUCTION SERVICES, LLC, et al.,**

**Defendants.**

**ORDER**

This matter is before the Court on the plaintiff's motion to dismiss the amended counterclaim asserted by the individual defendants ("the Gennas"). (Doc. 31). The Gennas filed a response, (Doc. 36), the plaintiff declined the opportunity to file a reply, (Doc. 32), and the motion is ripe for resolution.

The plaintiff insured the entity defendant ("K&D"). K&D sued the Gennas in state court for failure to pay the entirety of K&D's builder's fee for construction of the Gennas' home. The Gennas counterclaimed for breach of contract and slander (or libel) of title. The plaintiff filed this action seeking a declaration that it has no duty to defend or indemnify K&D with respect to the Gennas' claims. (Doc. 1).[1] The Gennas have filed a counterclaim for judicial declarations that multiple policy periods are implicated, that their losses constitute one or more "occurrences" causing "property damage" under the relevant policies, and that the plaintiff owes K&D a duty to defend. (Doc. 26 at 13).

The plaintiff argues that the Gennas' counterclaim in this action constitutes an impermissible direct action, which it plainly is. *State Farm Mutual Automobile Insurance Co. v. Brown*, 894 So. 2d 643, 647-50 (Ala. 2004). The Gennas make no serious argument to the contrary. Instead, they object strongly to the plaintiff's

[1] The duty-to-indemnify aspect has been stayed. (Doc. 37).

unexplained and unsupported proposal that dismissal of the amended counterclaim be with prejudice. In this, the Gennas have the upper hand: the flaw in their counterclaim is not that it can never be maintained but that it cannot be maintained *until* the Gennas obtain a final judgment against K&D. *E.g., Brown*, 894 So. 2d at 650 (the direct action statute "prevents [the injured parties] from bringing this [direct] action *at this time and in this posture*") (emphasis added). As this Court has noted, the proper resolution is dismissal without prejudice. *Long v. Patton Hospitality Management, LLC*, 2016 WL 1677565 at *2 (S.D. Ala. 2016).

For the reasons set forth above, the plaintiff's motion to dismiss is **granted in part**. The Gennas' amended counterclaim is **dismissed without prejudice**. To the extent the plaintiff seeks additional or other relief,[2] including dismissal with prejudice, its motion is **denied**.

DONE and ORDERED this 25th day of August, 2026.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

[2] The Gennas detect a demand for costs, (Doc. 36 at 11), which the Court does not perceive.